UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, ) | |
| United States Department of Labor, ) | |
|     Plaintiff ) | CIVIL ACTION NO. 5:12-CV-250-KKC |
| ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| ) | |
| GEORGE HOFMEISTER; BERNARD TEW; ) | |
| TEW ENTERPRISES, LLC; BLUEGRASS ) | |
| INVESTMENT MANAGEMENT, LLC; ) | |
| METAVATION, LLC; MIDS, LLC; HILLSDALE ) | |
| HOURLY PENSION PLAN; and ) | |
| HILLSDALE SALARIED PENSION PLAN, ) | |
|     Defendants ) | |

    This matter is before the Court on Plaintiff's Motion to Strike. (DE 21). Plaintiff seeks to strike 44 paragraphs of the Answer (DE 21) filed by Defendants Hillsdale Hourly Pension Plan, Hillsdale Salaried Pension Plan, George Hofmeister, MIDS, LLC, and Metavation, LLC ("Metavation Defendants"). Plaintiff contends that these responses fail to comply with Federal Rule 8 of Civil Procedure. These responses[1] address factual allegations involving documents. In one example, the Metavation Defendants state that certain documents "speak for themselves" and that they "deny anything stated or implied to the contrary." (DE 21, ¶ 29). The other paragraphs follow a similar pattern.

    Under Federal Rule 12(f) of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Sixth Circuit has held that "the action of striking a pleading should be

---

[1] The paragraphs at issue are: 29, 30, 31, 38, 39, 40, 41, 48, 49, 50, 62, 63, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 112, 113, 114, 115, 116, 117, 118, 119, 120, 127, 128, 129, 130, 131, 132, 133, 134, and 136.

sparingly used by the courts" and should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953).

Rule 8(b) requires defendants responding to a complaint to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). An allegation of the complaint is admitted if "a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). As Plaintiff notes, courts outside the Sixth Circuit have held that Rule 8 does not permit defendants to respond by simply stating a document "speaks for itself." *See, e.g., Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc.*, Nos. 07-CV-1047, 08-CV-0245, 2008 WL 5377712, at *1-2 (E.D. Wis. Dec. 22, 2008); *Indiana Reg'l Council of Carpenters Pension Trust Fund v. Fid. & Deposit Co. of Maryland*, No. 2:06-CV-32-PPS-PRC, 2006 WL 3302642, at *2 (N.D. Ind. Nov. 9, 2006). To remedy this deficiency, these courts have required the allegations be deemed admitted or stricken responses and required defendants to re-plead.

While some courts have been quite colorful in their opposition to the practice of stating documents "speak for themselves,"[2] the Court has found little, if any, guidance from courts within the Sixth Circuit. The Metavation Defendants note a case involving a challenged response to a request for admission that stated a "letter speaks for itself." *Robert Weiler Co. v. Kingston Township*, No. 2:07-cv-760, 2008 WL 4758682, at *5 (S.D. Ohio Oct. 27, 2008). In that case, the district court found such a statement was insufficient and granted a motion to

---

[2] "This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice) – but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the three alternatives that *are* permitted by Rule 8(b) in response to all allegations about the contents of documents (or statutes or regulations)." *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

2

compel. *Id.* In this case, the Metavation Defendants argue that while their responses state that documents "speak for themselves," their responses admit the contents of those documents while denying everything stated or implied to the contrary of those contents. The Court, therefore, will exercise its discretion and deny Plaintiff's motion to strike. *See Pavlik v. FDIC*, No. 10-CV-816, 2010 WL 3937621, at *3 (N.D. Ill. Oct. 5, 2010) ("Although the language 'the document speaks for itself' is not one of the alternatives under Rule 8(b), the FDIC has also either admitted or denied these allegations. Thus, the Court will not strike the FDIC's responses."). Recognizing that the Sixth Circuit generally disfavors the striking of pleadings, the Court finds such a remedy is not clearly warranted in this case.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike (DE 21) is DENIED.

This 21st day of March, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge