UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, <br>     Plaintiff, <br><br> V. <br><br> GEORGE HOFMEISTER, et al., <br>     Defendants. | CIVIL ACTION NO. 5:12-250 <br><br><br> **MEMORANDUM, OPINION, & ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion for summary judgment brought by defendants George Hofmeister, Fourslides, Inc. ("Fourslides"), and Fourslides, Inc. Pension Plan (the "Plan"). (DE 91). For the reasons explained below, the Court will grant their motion in part and deny their motion in part.

**I. BACKGROUND**

This case originated out of three separate cases, including one previously identified as 5:13-CV-158-KKC, in which Hofmeister, Fourslides, and the Plan are defendants. The cases have been consolidated for all purposes excluding trial. (DE 89). In the relevant complaint, the plaintiff asserts three counts of violations of the Employee Retirement Income Security Act ("ERISA") through a set of defendants' actions that include: (1) a loan to Baker Metal by the Plan; (2) dividend checks placed in Fourslides' account rather than the Plan's account; and (3) the Plan's payment of settlor expenses. In count four, the plaintiff asserts a claim for injunctive relief requesting Hofmeister and other defendants be removed as fiduciaries from the Plan. Hofmeister, Fourslides, and the Plan now assert that the Baker Metal loan is paid in full, that the dividend checks are now paid to the Plan account with interest (DE 91-1, Exhibit D), and that

there has been full payment to the Plan to recoup the settlor fees. (DE 91). The defendants also indicate that the Plan is fully funded and reiterate that Hofmeister has already been removed as fiduciary from the Plan per this Court's order.

Thus, Hofmeister, Fourslides, and the Plan move for summary judgment based on their assertion that the claims against them are moot for lack of damages and because Hofmeister has already been removed as a fiduciary to the Plan. The Secretary responds in opposition.

**II. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving parties, here Hofmeister, Fourslides, and the Plan, bear the initial burden and must identify "those portions of the pleadings, depositions . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citations omitted). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322–25. Once the movant meets the initial burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to

that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### III. ANALYSIS

The only issue before this Court is whether the claims asserted against Hofmeister, Fourslides, and the Plan in the original case number 5:13-CV-158-KKC are moot.[1] For the reasons explained below, the Court will grant summary judgment in favor of the defendants only with regard to the actual damages claims and will deny the motion as to the other forms of relief requested.

As the Court reads the complaint, the first three counts seek relief described in 29 U.S.C. § 1109. The fourth count seeks removal of Hofmeister and other individual defendants as fiduciaries of the Plan. The complaint's prayer for relief mirrors these requests. 29 U.S.C. § 1109(a) states in relevant part:

> Any person who is a fiduciary with respect to a plan . . . shall be personally liable to make good to such plan any *losses* to the plan resulting from each such breach, and to *restore* to such plan *any profits* of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other *equitable* or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

The statue appears to contemplate three relevant forms of damages in this matter: (1) actual damages; (2) restoration of profits; and (3) equitable relief, including injunctive relief.

Defendants insist the case is moot for two reasons: (1) the losses incurred to the Plan have been restored and (2) the Court has already removed Hofmeister and others as fiduciaries to the Plan and an independent fiduciary is in place. The Secretary responds by arguing: (1) the

---

[1] To the extent the parties quarrel over whether the prohibited transactions involved were accounting errors, such disagreements are irrelevant to the issues before the Court.

alleged violations of ERISA are per se violations and therefore, the claims cannot be mooted; and (2) that the Secretary seeks permanent injunctive relief against Hofmeister and other defendants who did not take part in this summary judgment motion. Notably absent from the Secretary's response is any disagreement with defendants' assertion that the losses the Plan incurred have been restored.

The Secretary's first contention misses the mark. Mootness is an Article III jurisdictional concern. This Court can only adjudicate actual cases and controversies. *See Allen v. Wright*, 468 U.S. 737, 750 (1984). "Simply stated, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (internal quotations omitted). "If events occur during the pendency of a litigation which render the court unable to grant the requested relief, the case becomes moot and thus falls outside our jurisdiction." *Id.* (internal quotations omitted).

Here, the Secretary only argues that there can be per se violations of ERISA § 406, not a controversy continues to exist concerning actual damages. The Secretary is correct that "Congress (in ERISA § 406) intended to create an easily applied per se prohibition . . . of certain transactions . . . Lack of harm to the plan or the good faith or lack of the same on the part of the borrower are not relevant . . . ." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 439 (6th Cir. 2002) (internal quotations omitted). However, such per se violations do not insulate the plaintiff's claims from Article III mootness concerns. The plaintiff has stated a claim against defendants and prayed for "any losses, including interest, resulting from fiduciary breaches committed by them for which they are liable." (13-CV-158, DE 1, p. 14). Defendants have put forth evidence that those losses have been paid, and the plaintiff has failed to respond to indicate

that they have not. Accordingly, there is no live case or controversy concerning the plaintiff's claim for actual damages, and summary judgment regarding those claims is appropriate.

In their motion for summary judgment, defendants next assert that Hofmeister has already been removed as fiduciary, and thus, the plaintiff's claims for injunctive relief are also moot. However, it is clear that the Secretary seeks injunctive relief beyond the preliminary injunctive relief already rendered in this matter. Accordingly, a live case and controversy over other forms of relief exists. Consequently, the plaintiff's claim for all relief, except for actual damages, survives the defendants' motion for summary judgment.

### IV. CONCLUSION

Accordingly, the Court **HEREBY ORDERS** that the defendants' motion for summary judgment (DE 91) is **GRANTED** only as to the plaintiff's claim for actual damages and is **DENIED** as to claims to all other forms of relief.

Dated August 4, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY